**NICK DELIS CO., Inc. v. UNITED STATES.**

No. 627–52.

United States Court of Claims.

July 13, 1953.

Edward Gallagher, Washington, D. C., for plaintiff.

John B. Miller, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., Thomas H. McGrail, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

MADDEN, Judge.

The plaintiff sold and delivered a large quantity of potatoes to the Army early in 1952. It was paid the allegedly applicable ceiling price for the potatoes, which was some $18,000 less than the price specifically named in the contracts of sale. Our question is to determine which price the plaintiff was entitled to collect.

On January 5, 1952, the Office of Price Stabilization issued Ceiling Price Regulation 113 applicable to the kind of potatoes involved in this suit. By its express terms, it did not take effect until January 19, 1952, for reasons set forth in a preamble or "Statement of Considerations," as follows:

"Since there is often a considerable time lag between the purchase of potatoes at a country shipping point and their receipt at wholesale receiving points, it would be inequitable for this regulation to be made mandatorily effective without sufficient time to permit the sale of present inventories of potatoes either held at, or in transit to, wholesale receiving points. Accordingly, this regulation will not become mandatorily effective until January 19, 1952."

Section 8(a) of Regulation 113 said:

"(a) *No selling or buying above ceiling prices.* Regardless of any contract or obligation, no person shall sell or deliver or, in the course of trade, buy or receive any potatoes at a price higher than the ceiling price established by this regulation."

In the "Notice of Intent to Purchase" potatoes, issued January 9, 1952, which initiated the negotiations which led up to the contracts which were made with the plaintiff between January 14 and January 17, 1952, there was plainly stated in a prominent place on the paper which consisted of only one sheet, the following:

"*Ceiling prices—Contractor agrees that the prices invoiced hereunder will not exceed the lower of (i) the contract prices or (ii) any applicable ceiling prices established by the Office of Price Stabilization or other authorized Government Agency.*"

This language was repeated in the contracts of purchase.

The deliveries of the potatoes whose prices are here in question took place after January 19, the announced effective date of the ceiling. The plaintiff billed the Army for the price named in the contracts, but was paid only the ceiling price, which was lower. This suit is for the difference.

It seems to have been a frequent occurrence that ceiling prices, when imposed, were made applicable to deliveries after the effective date of the ceiling prices, even under contracts made before that date. Regulation 113 expressly so provided, and no suggestion is made by the plaintiff that the Office of Price Stabilization did not have power to so provide. The plaintiff urges that the language quoted above from the "Statement of Considerations" shows that Regulation 113 meant to exempt from the announced ceilings all sales made before January 19, even though deliveries were made after that date. The language of the "Statement of Considerations" is ambiguous, but the language of Section 8(a) is plain, and leaves no doubt as to the intent of the Regulation.

The plaintiff attaches to its petition affidavits to the effect that the representatives of the Government who were involved in the purchase of the potatoes told the plaintiff, when the contracts were made, that the contract prices and not the ceiling price would govern, although the potatoes were delivered after January 19. The Government has filed affidavits of these officers categorically contradicting the plaintiff's affidavits. We think that even if the plaintiff's contradicted assertions were true, the ceiling price would have been the only price which could have been lawfully paid or received, and that purchasing agents of the

Army would have had no right to waive it, or contract out of it.

The plaintiff's motion for summary judgment is denied, and the defendant's motion is granted.

It is so ordered.